IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| Edwin C Coleman<br>plaintiff<br>856 Whitmore Ave<br>Baltimore, Md. 21216<br>vs.<br><br>Residential Credit Solutions<br>defendant<br>P.O. Box 163889<br>Ft. Worth, Tx. 76161-3889 | case no._____<br><br>ACTION TO QUIET TITLE |

This Action to Quiet Title is filed by the Plaintiff pro se to wit. Plaintiff as and for his verified complaint herein respectfully states as follows:

### COMPLAINT FOR ACTION TO QUIET TITLE

1. Upon information and belief stated herein, Plaintiff is pursuing this action to quiet title to real property owned by the plaintiff located at 4522 Umatilla Avenue, Baltimore, MD. 21215 and more fully described as follows: (see exhibit B attached ).

2. Upon information and belief, that plaintiff is the rightful owner of the property and the of record deed holder of the aforementioned property.

3. The plaintiff alleges that the defendant has failed to comply with laws governing mortgage and loan-related transactions, namely UCC Provisions 3-501, 3-308, 3-309, and the plaintiff is seeking relief under UCC 3-305. These laws were adopted and codified by this state.

4. The plaintiff alleges that the defendant violated TILA (Truth in Lending Act ) requirements in its dealing with plaintiff. (Disclosure requirements and Disclosure requirements for ARM loans).

5. Defendant violated and continues to violate RESPA code 12 U.S.C. 2607(b); 24 C.F.R. 3500 14(c)which prohibits charges for services than those actually performed or for which duplicative fees are charged is an unearned fee and violates that section.

6. The plaintiff alleges that defendant has violated HOEPA (Home Ownership and Equity Protection Act ) in its servicing the loan of plaintiff.

7. That the defendant has violated the Equal Credit Opportunity Act (EOCA).

8. That defendant has committed fraud and a breach of fiduciary duty toward the plaintiff.

9. As a result of the defendant's repeated claims and demand for pecuniary relief from the plaintiff, plaintiff seeks to ensure that the defendant has standing to obtain any relief from the plaintiff through the plaintiff's property interests.

### Affidavit of Facts and Claim for Relief

10. The plaintiff resides at 856 Whitmore Ave., Baltimore, MD. 21216.
11. The defendant is Residential Credit Solutions.

12. Plaintiff executed a Deed of Trust dated November 17, 2003 which is recorded in the land records of this county.

13. The Deed of Trust, included herein as exhibit A , states that there is a debt evidenced by a note dated the same date as the security instrument.

14. The plaintiff has made request for the defendant to produce proof of the debt by providing or making available for inspection, the original Note, and not a copy.

15. The defendant has failed to honor the requests.

16. For the aforementioned reasons, plaintiff believes that the original Note has been lost or stolen, and that no person or entity has the rights of holder in due course as defined by UCC 3-302.

17. That plaintiff has sent defendant several Qualified Written Request regarding the disbursement of payments made to their organization, yet they continue to disburse funds to fraudulent accounts.

18. Without obligation to the instrument, the plaintiff seeks the court to make a determination that this debt no longer represents a Mortgage on the property.

## Case Law Summaries

19. In the case of SMS Financial LLC. V. Abco Homes, Inc. 167F.3d 235 ( 5th Cir. 1999 ) states that to recover on a promissory note (1) the existence of the note must be proved; (2) that the plaintiff signed the note; (3) that servicer is owner or holder of the note; and (4) that a certain balance is due and owing on the note.

20. Under the Uniform Commercial Code (UCC), the notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee.

21. A basic concept in is that " The mortgage follows the note". This was pronounced by the Supreme Court of the United States in 1872 in Carpenter v. Longan, 83 US. 271, 274 as follows:  "the note and mortgage are inseparable..., the assignment of the note carries the mortgage with it, while the assignment of the latter alone is a nullity". ANY "mortgage" assignment without the note makes both instruments null and void...

## In personam jurisdiction

22. This court has jurisdiction over the for the simple reason that Plaintiff is the of record, deed holder to the real property in question in the County of Baltimore, Maryland, legally described as being known and designated as, 4522 Umatilla Ave., Baltimore, MD. 21215.

23. As of this writing, Residential Credit Solutions holds itself out as the nominal Deed of Trust/mortgagee of record in the County Baltimore, Maryland identifying the property described supra as the surety for ma loan which another alleged entity made to plaintiff with the property described supra as collateral.

## Subject matter jurisdiction

24. This court has subject matter jurisdiction reliant on Code and Rules of Maryland and by virtue of the evidence of a claim of title to which there is no known valid defeasance. See Wright v. Mattison, 18 How. 56, 15 L. Ed. 280 (1855).

## Venue

25. Venue in the Circuit Court for Baltimore County is appropriate as the Circuit Court for Baltimore County have jurisdiction of actions to try title and the property legally described supra is located within the geographic boundaries of Baltimore County, Maryland.

### Theory of indemnity

26. Plaintiff holds the right, title, and interest to the property described supra located at 4522 Umatilla AVE., Baltimore, MD> 21215. Plaintiff is in peaceable possession of the property which is the subject matter of this petition and is the of-record property taxpayer as verified on County Tax Records.

### Conclusion and remedy sought

27. The plaintiff is seeking relief through this Court: (A) Estoppel of further claims by the defendant(s); (B) actual damages in an amount to be determined at trial; and (C) cost and disbursements. Furthermore, after certifying that the alleged mortgage lender is in receipt of notice and have had opportunity, have failed or refused to produce the original, unaltered promissory note vis a vis Plaintiff, maker, Mortgage Lender, indorser, such as would provide a lawful basis for maintaining a Deed of Trust/mortgage lien on said note with the foregoing identified property as the surety, this Court should order the removal of the prior recording of the Deed of Trust/mortgagee as a false cloud to title.

Respectfully Submitted,

*[signature]*

**Plaintiff**

Dated: 7/15/3