FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT 25 P 2: 21

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWIN C. COLEMAN

v.  Civil No. – JFM-13-2400

RESIDENTIAL CREDIT SOLUTIONS

******

MEMORANDUM

Edwin C. Coleman has instituted this action against Residential Credit Solutions. Defendant has filed a motion to dismiss. Plaintiff, who is proceeding *pro se*, has filed an opposition and a surreply to defendant's motion. The motion will be granted. Plaintiff's request to file a surreply is also hereby granted.

Plaintiff makes conclusory claims under HOEPA, RESPA, TILA, and ECOA. Plaintiff's allegations to support his conclusory claims clearly are inadequate under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). If that were the only fallacy in these claims, however, I would – light of plaintiff's *pro se* status – give him an opportunity for leave to amend. However, in the opposition papers that he has filed, plaintiff has given no indication that he has a viable claim under any of these statutes. Moreover, to the extent that he had any such claims, they would be time-barred under the applicable statutes of limitation.

Plaintiff's underlying complaint seems to be that defendant is not in possession of the original note that he signed. It appears from an affidavit and attachment filed by defendant in its reply that in fact, defendant is in possession of the note. In any event, even if the note were lost, it would still be enforceable. *See* Md. Code Ann. Comm. Law, §3-309 (2013).

1

A separate order granting defendant's motion to dismiss is being entered herewith.

Date: 10/23/13

J. Frederick Motz
United States District Judge